AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | |
| **Jaydipkumar BAROT** | ) | Case No.   8:26-po-29 (MJK) |
| **Shubhkarman GILL** | ) | |
| **Brahamleen KAUR** | ) | |
| **Gagandeep SINGH** | ) | |
| **Jugraj SINGH** | ) | |
| **Nirmal SINGH** | ) | |
| | ) | |
| **Defendants.** | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of March 25, 2026, in the county of Franklin in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(1) | The defendants, aliens and citizens of India, unlawfully entered the United States at a place not authorized for the entrance of immigrants. |

This criminal complaint is based on these facts:
See attached affidavit.

☒    Continued on the attached sheet.

*D. Matthews*                      3/25/2026  2:40 PM
_____
*Complainant's signature*

U.S. Border Patrol Agent Dustin M. Matthews
_____
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date:     March 25th, 2026
_____
*Judge's signature*

City and State:     Syracuse, New York            Hon. Mitchell J. Katz, U.S. Magistrate Judge
_____
*Printed name and title*

*United States of America v* **Jaydipkumar BAROT & et al.**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dustin Matthews, hereby depose and state under penalty of perjury:

1.      I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke Border Patrol Station. I have been a Border Patrol Agent since December 2009. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agents authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases.  It does not set forth all of my knowledge about the investigation.

2.      I submit this affidavit in support of a criminal complaint charging defendants with violating 8 U.S.C. § 1325(a)(2), Eluding inspection.

### Probable Cause

3.   On March 24, 2026, at approximately 11:00 PM, Border Patrol Agents assigned to the Burke Border Patrol Station detected an unfamiliar black Chevrolet Suburban traveling eastbound on NY State Route 37 using electronic surveillance equipment. Agents located the vehicle at Stewart's gas station at the intersection of NY State Route 37 and Main Street in Malone, NY. An agent discreetly approached the vehicle and observed that it was occupied solely by the driver, later identified with initials K.S. Another agent, positioned across the street behind Walgreens, maintained visual surveillance while the first agent departed the area.

*United States of America v* **Jaydipkumar BAROT & et al.**

4.   At approximately 11:30 PM, dispatch  notified Burke agents that the Royal Canadian Mounted Police (RCMP) had reported a group of 8–10 individuals walking south toward the US/Canada International Border near Mary Riley Road in Ft. Covington, NY. Agents, noting the presence of the unfamiliar Suburban, suspected it was likely being used as a load vehicle awaiting the arrival of this group.

5.   At 11:45 PM, the Suburban, bearing NY personalized license plates "KUDRAT," departed Stewart's and traveled westbound on NY State Route 11, stopping at the Holiday Inn Express in Malone, NY. Five minutes later, agents observed the Suburban traveling eastbound on NY State Route 11 and then turning south onto NY State Route 30. Agents temporarily disengaged, suspecting the driver was conducting a "heat check" to detect surveillance, and remained concealed in the Malone area.

6.   Subsequently, agents encountered the Suburban parked at the Malone Inn, approximately one-quarter mile from the NY State Route 30 intersection. This indicated the vehicle had circled back via NY State Route 11-B to avoid detection, further supporting suspicions that it was being used as a load vehicle.

7.   At approximately 1:55 AM, agents observed the Suburban traveling westbound on NY State Route 11, still occupied only by the driver. Suspecting the vehicle was headed toward Creighton Road—a route commonly used by smugglers—agents positioned themselves along NY State Route 37, north of the intersection with Creighton Road. As anticipated, the Suburban was observed traveling westbound on NY State Route 37 toward Ft. Covington, NY, and later eastbound on the same route.

8.   At approximately 2:20 AM, two agents positioned at the intersection of NY State Route 37 and NY State Route 122 activated their overhead lights to illuminate the Suburban as it passed. Both agents observed that the vehicle appeared to be fully occupied. The Suburban accelerated to approximately 80 MPH, prompting agents to pursue and subsequently initiate a traffic stop just west of the intersection of NY State Route 37 and Freeman Road in Westville, NY.

9.   Agents approached the vehicle, identified themselves as US Border Patrol, and instructed all occupants to place their hands visibly. The driver, K.S., claimed to be an Uber driver and attempted to display his phone

*United States of America v* **Jaydipkumar BAROT & et al.**

screen with Apple Maps as evidence. He stated he received a fare request while at SUNY Plattsburgh at 11:00 PM. K.S. was visibly agitated, sweating profusely, and repeatedly failed to comply with instructions to keep his hands on the steering wheel. For safety reasons, agents instructed Singh to exit the vehicle and conducted a search, discovering two tightly wrapped dollar bills containing a white powdery residue and a small baggie of a similar substance in his pocket. K.S. admitted the substance was cocaine. A field drug test conducted at the station confirmed the presence of cocaine.

10.   K.S. was secured in the backseat of a marked Border Patrol vehicle. Agents observed that all passengers were wet from the waist down, suggesting they had traversed the wooded border area near Ft. Covington. In contrast, K.S. was completely dry. Agents questioned the passengers (later identified as: Jaydipkumar BAROT; Shubhkarman GILL; Brahamleen KAUR; Gagandeep SINGH; Jugraj SINGH; and Nirmal SINGH) regarding their citizenship; all claimed to be citizens of India and admitted to crossing the US/Canada International Border illegally and entering the Suburban. All occupants were placed under arrest and transported to the Burke Border Patrol Station for further interviews and processing.

11.   At the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all seven subjects.  Record checks confirmed information previously gathered roadside. All of the passengers were found to be illegally present in the United States. Records checks verified that the driver SINGH is citizen of India and was lawfully admitted on a B1/B2 visitor visa.

12. KAUR was read her *Miranda* rights and waived her right to an attorney.  An interview was conducted and KAUR claimed she knew that crossing in the manner that she did was illegal.  KAUR also claimed that she was going to pay $3,000 dollars for the trip.

## Conclusion

13. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendants with illegal entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

*D. Matthews*

Dustin M. Matthews

*United States of America v* **Jaydipkumar BAROT & et al.**

United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1
of the Federal Rules of Criminal Procedure.

Date:　　March 25th, 2026

_____
Hon. Mitchell J. Katz
United States Magistrate Judge